Spear, J.
The plaintiff below, á youth nineteen years of age, brought action against The American Steel Plate Manufacturing Company, in the court of common pleas of Defiance county, to recover for personal injuries sustained while in the employ of the Company. In his petition he charges that a certain machine at which he was set to work by defendant was at the time out of repair, a fact known to defendant but not to plaintiff; that the machine was a very dangerous one in operation when out of repair, which fact was well known to defendant but not known to plaintiff. The machine was operated by steam power and its purpose was *122 the punching of holes in sheets of steel, and for binding, corrugating and shaping parts into sheets, and for constructing the same into angle-irons. Plaintiff was not properly instructed or warned of the dangerous character of the machine, and at the time of the accident had worked but a short time upon it. The accident occurred June 20, 1907, by the falling of the upper part of the machine onto plaintiffs hand, thereby crushing it while he was taking out the angle-iron, which operation would have been a safe method had the machine been in good working order, but which, by the negligence of defendant, it was not. Issue was taken by answer and reply.
At the conclusion of the evidence counsel for defendant tendered twenty-six special propositions, all long, and some of them covering about a half a printed page each, with request that they be given to the jury before argument. To this demand the plaintiff objected and excepted especially on the ground that neither the court nor counsel could within a reasonable time fairly examine and pass upon them. But the court overruled the objections and exceptions and gave fifteen of the requests to the jury, refusing to give the remainder. The court then charged the jury generally and a verdict was returned for the defendant on which judgment was entered. On error to the circuit court that judgment was reversed and the cause ordered remanded to the common pleas for further proceedings, the ground for such reversal as stated being error “in the giving to the jury of numerous requests on behalf of defendant to charge on special features of the case, unduly emphasizing them by repeated *123 statements upon the same propositions in varying forms, and in not sustaining the motion of the plaintiff for a new trial for that reason.”
The rights of the parties in this error proceeding arise out of that clause of section 5190, Revised Statutes, which provides that “when the evidence is concluded, either party may present written instructions to the court on matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced.” Manifestly it is important that the trial judge have a full understanding of the nature of the instructions requested to be given, for nothing is more vital to the securing of a fair trial than the instructions of the court to the jury as to the law of the case. Generally speaking, how much detail shall be entered into, how minute the reference to evidence shall be entered upon, and how extended .the discussion of it; all such subjects must in the necessity of the situation be left largely to the judgment of the presiding judge. But if an attempt to review the evidence by the judge is made, it should be scrupulously accurate as to matters of substance, and it is even more essential when it relates to matters of law for the guidance of the jury. The charge relating to the law of the case should not be given merely in general terms, but should be by instructions adapted to the issues and to the evidence adduced by the parties, and it should not overstate or unduly emphasize or make prominent, vital points of either side as against the other. A charge should also be neither inadequate nor for any reason misleading, and a charge which confines *124 the attention of the jury to one view of the case when there is more than one which they should consider, or which repeats unduly propositions which, though possibly not actually erroneous nevertheless give undue prominence to one side or the other, is for that reason misleading and often prejudicial.
We do not find it necessary to repeat here the special charges asked, either those given or those refused, because the circuit court, in its opinion, has clearly stated the grounds of its judgment of reversal, and the reasoning of the opinion fully justifies its conclusion. A portion of that opinion follows:
“But the most serious error claimed in this case is the giving by the court of a long series of charges requested to be given before argument.
“Some objection is also made to the general charge of the court as given, but in this we find no error. It was an admirable explanation of the rights of the parties and the duties of the jury in relation thereto, and had it stood alone, we should unhesitatingly have affirmed the judgment.
“But counsel for the defendant in his zeal for his client submitted to the court before argument, a long list of requests to charge, numbering twenty-seven in all, and requested .that these be given to the jury before argument.
“Counsel for the plaintiff objected to the giving of these special requests on the ground that They are so voluminous that counsel for the plaintiff cannot in a reasonable time examine them, and for the further reason that the court cannot fairly *125 examine them and pass upon them in a reasonable time.’
“In view of the fact that these twenty-seven requests, or rather the portion of them embodied in the bill of exceptions cover fourteen pages of the bill, there seems to be much force in the reason for the objection.
“But a much stronger reason might have been given for opposing the giving of these requests.
“Fifteen of these requests were actually given to the jury and ten or twelve of these fifteen were directed to one proposition insisted on by the defense.
“With a persistence that is wearisome, these requests iterate and reiterate this one proposition, viz., that if the defendant exercised due care in the selection of its machinery and in the inspection of the same and did not know and was not bound to know of any defect such as is alleged to have caused the accident, then defendant was not negligent and plaintiff cannot recover, a proposition, which, as limited in the request, was true in itself and proper to be given to the jury, but not one which ought to have been given a dozen different times in as many different forms.
“Eight or more of these requests explain to the jury what would be the effect on plaintiff’s rights of the breaking of a spring which defendant had no means of knowing was broken or likely to break and which it could not with reasonable diligence have discovered to be broken or likely to break.
“Similar propositions are embodied in other requests or interwoven with those referred to and *126 the variety of expression is ingenious and interesting, but, they altogether present a view of the case that is one-sided and unfair, because of the constant emphasis laid upon this one feature of the case.
“Over and over again the conditions under which the plaintiff could not possibly recover were dinned into the ears of the jury, with no corresponding explanation of those conditions under which the plaintiff might possibly recover.
“A more vicious method of presenting a case to a jury could hardly be imagined and especially is this true in view of the fact that these written requests were, under the statute, allowed to go to the jury room to be read and reread by the jury at its leisure.
“It does not excuse the fault to say that the subsequent charge of the court, given after argument, fairly stated the plaintiff’s rights; nor does the fact that .the general charge of the court, embodying a true statement of plaintiff’s rights, was reduced to writing and sent to the jury room along with the special requests that had previously been given, correct the evil.
“Altogether the jurors had before them a dozen and more repetitions of conditions favorable to the defendant to one statement of those conditions under which the plaintiff might recover. This could not fail to present unfairly the issues involved and to give to the jury a distorted view of the importance of the claims put forth by the defendant.
“We find therefore that in the giving of such numerous charges favorable to one side and the undue repetition of charges relating to the same *127 features of the case, the trial court erred and its judgment will therefore be reversed.”
The purpose of the statute cited is manifest. It is to afford the counsel opportunity to present their views of the law and have them considered by the judge, and to obtain, so far as may be, the opinion of the judge thereon, before argument. This in order that they may shape their arguments as to the law in their discussion to the jury in an intelligent manner, and also avoid useless or superfluous discussion. This privilege accorded by the statute ought to be reasonably exercised. Upon the presentation of the requests at the conclusion of the evidence, the whole procedure, stops. Not only should the judge have adequate time to inspect and consider all requests to charge, but opposite counsel cannot be wholly ignored. It may be that, on seeing the requests, they may and they frequently do, desire to present counter-propositions. All this delays the disposition of the case, and, when unreasonably done, is an obstruction to the proper procedure of the court, and hence to the administration of justice. The speedy administration of justice in our courts should be favored, not discouraged.
Now the case below was not a complicated one. The issues were simple, both those relating to the law and those relating to the facts. Such of the requested instructions as were given to the jury were principally repetitions of one proposition argued by the defense. These requests are well described and characterized by the circuit court in its opinion, and it is not necessary to further dwell *128 upon them. Suffice it to say that the case presents an instance where the opportunity given by the statute was so exercised as to defeat the ends of justice for the time, and, for reasons here stated and those given by the circuit court, it is the duty of this court to affirm the judgment of that court.

Judgment affirmed.

Davis, C. J., Johnson, Donahue and O’Hara, JJ., concur.